Francisco Gutiérrez, Plaintiff and Appellee, *v.* Max Bahr and Gregorio Braun, Defendants and Appellants.

No. 11107. Argued May 3, 1954.—Decided June 29, 1955.

*L. Coballes Gandía* for appellants. *Federico Valladares* for appellee.

Mr. Justice Belaval delivered the opinion of the Court.

The trial court made the following findings of fact: On May 5, 1952, plaintiff Francisco Gutiérrez visited Max Bahr's jewelry store at 260 Salvador Brau St. in order to have his watch repaired; that Mr. Bahr sent him to a branch of such jewelry store at 300 Salvador Brau St. which is attended by co-defendant Gregorio Braun; that the store which is at 300 Salvador Brau St. is small and that it is composed of a counter and a mezzanine floor at the back part of the store, where the watches are repaired; that in the ceiling of the mezzanine floor there is a fan with blades; that Gutiérrez gave Ramón Cuevas, the watchmaker, his watch to be repaired and Mr. Cuevas told him to wait while he repaired it; that upon leaning against a "railing" of the

mezzanine floor, Gutiérrez was reached by the fan in the ceiling causing him a slight injury between the upper eyelid of the right eye and the bridge of the nose of that side; that the accident was due to Max Bahr's fault or negligence, in installing the fan in such a manner that any person entering the mezzanine floor could be reached by said electric apparatus.

The facts are sustained by the evidence, and defendant's version to the effect that the public is not supposed to enter that part of the premises, that there is a sign which forbids entrance and that the fan is situated in such a manner that it does not offer any danger to the prudent man, was not believed by the trial court. We would not have believed it either if we had been the trier of facts. As to the question of whether defendants displayed the diligence of a good father of a family, Bahr himself testified, that his watchmaker, Cuevas, as well as another gentleman surnamed Candela, had been exposed to injuries by that same fan prior to the accident.

■■ It is a universal legal principle that when a person or an enterprise maintains a public place of business for the purpose of transacting business in the premises for his or its own benefit, he or it is bound to maintain it in such safe a condition that one who is induced to enter the premises will not suffer any damage.

Section 1802 of our Civil Code provides that any person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done, and § 1803 of the same Code says that the obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible. The damage caused by inanimate objects falls within the form of omission, omission of the tutelary care for the protection of another's life or property.

As to a public place of business, the Anglo-American theory is the same as to the owner's obligation to use ordinary care to avoid accidents or injury to those properly entering his premises on business: 38 Am. Jur. 760; Prosser, *Handbook of the Law of Torts*, 635, 640, § 79 on "Business Visitors."

The only error assigned is that the trial court erred in weighing the evidence. The findings of fact are supported by the evidence and, as we have seen, they are entirely correct in their factual as well as in their juridical aspect.

The judgment appealed from will be affirmed.

Mr. Justice Pérez Pimentel concurs in the result.